UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MONRAD,<br>        Plaintiff,<br>   v.<br>DAVID KRUEGER, et al.,<br>        Defendants. | Case No.  14-cv-02529-KAW<br><br>ORDER REGARDING 1/29/15 JOINT LETTER<br><br>Re: Dkt. No. 45 |

On January 29, 2015, the parties submitted a joint discovery letter brief concerning Plaintiffs' requests for production of documents, and whether Defendants' failure to timely respond constitutes a waiver of all objections. (1/29/2015 Joint Letter, "Joint Letter," Dkt. No. 45 at 2.)

Upon review of the joint letter, and for the reasons set forth below, the Court orders Defendants to file amended responses and produce responsive documents, without raising any objections, within 14 days of this order.

## I.  BACKGROUND

On October 23, 2014, and November 5, 2014, respectively, Plaintiff served his first set of requests for production of documents on Defendants' two attorneys. (Joint Letter at 2.)  The parties met and conferred and, on December 15, 2014, agreed that Defendants' responses would be served by December 29, 2015. *Id.*  Defendants did not serve responses. *Id.*

On January 22, 2015, the parties spoke on the telephone and Defendants promised that responses would be served by the end of the day on January 22, 2015. *Id.*  Defendants again did not serve responses. *Id.*

On January 27, 2015, Defendants produced 11 responsive documents, and, on January 28,

1   2015, provided their written responses, but answered subject to objection.

2   On January 29, 2015, the parties file the joint letter.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A), "the party to whom requests for production are directed must respond in writing within 30 days after being served." The parties may stipulate to an extension of time to respond under Rule 29. *Id.* A party's failure to object to discovery requests within the time required constitutes a waiver of any objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981).

## III. DISCUSSION

Plaintiff contends that Defendants waived all objections by failing to respond to the requests within 30 days of service. (Joint Letter at 2-3.) Defendants have asserted numerous objections to the requests, including objections based on attorney-client privilege, the attorney work product doctrine, privacy rights, and the mediation privilege. *Id.*

Defendants state that document production has been difficult due to a 2003 fire at Kruger Bros., which destroyed files and has required that they obtain documents through third parties to satisfy their discovery obligations. (Joint Letter at 3.) Defendants contend that their production is complete, and that they continue to produce responsive documents as they are located. (Joint Letter at 3.)

Regarding the dispute at hand, it appears that the parties stipulated during their meet and confer efforts, either orally or in writing, to an extension of time for Defendants to respond, so Defendants' failure to serve responses within 30 days is not an automatic waiver. *See* Fed. R. Civ. P. 34(b)(2)(A). By citing a personal matter that affected counsel's availability in December 2014, however, Defendants appear to concede that they did not file their responses timely. (Joint Letter at 3-4.) Even after Defendants missed the December 29, 2014 deadline, the parties continued to meet and confer, and agreed to a later deadline of January 22, 2015, which Defendants also missed. (Joint Letter at 2.)

Defendants submit that the Court should address any waiver of privileges by a noticed

motion or, in the alternative, allow Defendants' attorney to document fully what exchanges took place regarding the deadlines and subsequent production. (Joint Letter at 3.) The joint letter format, however, is utilized to replace discovery motions, specifically motions to compel, so the Court declines to consider this issue by way of a noticed motion. Further, Defendants do not claim that they responded timely, even after obtaining numerous extensions of time to respond, so additional briefing is unnecessary.

Accordingly, Defendants failure to furnish written responses by the January 22, 2015 deadline constitutes a waiver of their objections regarding the first set of requests for production of documents. The Court notes that the parties currently have a stipulated protective order in effect, which may alleviate some concerns regarding additional, responsive documents that are now subject to production.

## IV. CONCLUSION

In light of the foregoing, Defendants' failure to timely respond to Plaintiff's first set of requests for production of documents constitutes a waiver of all objections. Accordingly, Defendants are ordered to provide amended responses and responsive documents, without objection, within 14 days of this order.

IT IS SO ORDERED.

Dated: February 13, 2015

KANDIS A. WESTMORE
United States Magistrate Judge